FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID PARKS, an individual, and THERESA PARKS, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>PAUL MILLER, an individual,<br><br>    Defendant. | No. 2:23-CV-00225-SAB<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN PART** |

Before the Court is Plaintiffs' Motion for Partial Summary Judgment, ECF No. 14. Plaintiffs are represented by Matthew Mensik and Casey Bruner. Defendant is represented *pro se*. The motion was considered without oral argument. Based on the applicable caselaw and briefing, and being fully informed, the Court grants the motion part as to the breach of contract and federal securities fraud claims.

### Facts

The following facts are drawn from Plaintiffs' Complaint, ECF No. 1, Statement of Material Facts Not in Dispute, ECF No. 15, the Declaration by David Parks, ECF No. 15, and the Declaration by Casey Bruner, ECF No. 16, and are construed in the light most favorable to Defendant.

This case involves Defendant's allegedly defrauding Plaintiffs. Defendant Paul Miller offered Plaintiffs David Parks and Theresa Parks an opportunity to

**ORDER GRANTING SUMMARY JUDGMENT IN PART** #1

invest in RxMapper, LLC, a new, allegedly cutting-edge healthcare startup that sought to link genetic markers to effective prescription drugs, eliminating some of the guess work involved in treating various conditions. Plaintiffs agreed to invest $200,000.00 in RxMapper. The Parties executed a SAFE Agreement ("Simple Agreement for Future Equity") as to $200,000 worth of shares in RxMapper.

When Plaintiffs chose to invest in RxMapper, Defendant allegedly engaged in a scheme whereby he altered investment forms and created false bank transfer instructions so that he, and not RxMapper, received Plaintiffs' $200,000.

Plaintiffs seek partial summary judgment on their claims of (1) Breach of Contract, (2) Federal Securities Fraud, 15 U.S.C. § 78 *et seq.*, and (3) Conversion, and request a judgment in the amount of $200,000, plus attorneys' fees and interest.

## Summary Judgment Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving

**ORDER GRANTING SUMMARY JUDGMENT IN PART** #2

party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## Applicable Law

### Breach of Contract

A breach of contract is actionable if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant. *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 78 Wash. App. 707, 712, 899 P.2d 6, 9 (1995). In any breach-of-contract action the plaintiff must prove that valid agreement existed between the parties, that the agreement was breached, and that the plaintiff was damaged. § 10:1. Overview—Material breach, 25 Wash. Prac., Contract Law And Practice § 10:1 (3d ed.) (citing *University of Washington v. Government Employees Insurance Company*, 200 Wash. App. 455, 404 P.3d 559, 348 Ed. Law Rep. 1033 (Div. 1 2017). Any failure to perform a contractual duty when the time for performance has accrued constitutes a breach. *Lake Hills Investments LLC v. Rushforth Construction Company, Inc.*, 14 Wash. App. 2d 617, 472 P.3d 337 (Div. 1 2020).

### Securities Fraud

The Securities Exchange Act of 1934 provides a private right of action for manipulative and/or deceptive conduct. 15 U.S.C. § 78; Rule 10b-5 under Section 10(b). "Whoever knowingly executes, or attempts to execute, a scheme or artifice. . . (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any option on a commodity for future delivery,

**ORDER GRANTING SUMMARY JUDGMENT IN PART** #3

or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)); shall be fined under this title, or imprisoned not more than 25 years, or both." 18 U.S.C. § 1348.

The SEC promulgated Rule 10b-5 under Section 10(b) of the Exchange Act, which authorizes the SEC to regulate securities fraud. The text of the regulation, formally 17 CFR § 240.10b-5, states that "it shall be unlawful for any person . . . (a) [t]o employ any device, scheme, or artifice to defraud, (b) [t]o make any untrue statement of a material fact or to omit to state a material fact . . . or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." § 240.10b-5 Employment of manipulative and deceptive devices.

Courts have interpreted Rule 10b-5 to create a private civil cause of action. To bring a private right of action under Rule 10b-5, the plaintiff must have standing. *In Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975), the U.S. Supreme Court ruled that a plaintiff must have actually purchased or sold a security to have standing under Rule 10b-5.

**Discussion**

Considering the undisputed facts in a light most favorable to Defendant, Plaintiffs' motion for partial summary judgment as to their breach of contract and federal securities claims is granted.

<u>Breach of Contract</u>

From Plaintiffs briefing, Plaintiffs and Defendant entered into an enforceable SAFE Agreement where Defendant sold $200,000.00 worth of shares to Plaintiffs. To date, no shares have been transferred. Defendant did not have the authority to sell his own interest and now does not own any shares. RxMapper

**ORDER GRANTING SUMMARY JUDGMENT IN PART** #4

demanded that Defendant return the money. Plaintiffs suffered a damage of $200,000.00. As a result, Defendant is in breach of contract.

<u>Securities Fraud</u>

Defendant obtained $200,000.00 from the Plaintiffs in exchange for an interest in RxMapper via a SAFE Agreement. Defendant personally received those funds and obtained those funds via the following fraudulent and deceptive acts: (1) Defendant asserted that Plaintiffs would be investing with RxMapper. In truth, the SAFE Agreement was revised to sell Defendant's own shares of the company and Plaintiffs were not investing with RxMapper; (2) Defendant provided "wire transfer instructions" that purported to be from RxMapper for RxMapper's bank account, but was his own personal bank account; and, (3) Defendant represented that he had the authority to transfer his shares. In truth, RxMapper's's operating agreement prohibits Defendant from selling his shares. Since Defendant knowingly executed a scheme, by means of false representations and promises, to obtain money for the sale of a security, Defendant committed Securities Fraud as outlined under 15 U.S.C. § 78.

**Conclusion**

Plaintiffs' Motion for Partial Summary Judgment in granted in part as to breach of contract and federal securities fraud. Although Plaintiffs moved the Court to determine the allegation of conversion on summary judgment, this Court did not determine this claim on the merits due to a lack of briefing.

//
//
//
//
//
//
//

**ORDER GRANTING SUMMARY JUDGMENT IN PART #5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment, ECF No. 14, is **GRANTED in part**.

2. The Court declined to analyze the conversion claim at this time due to a lack of briefing.

3. Once Plaintiffs inform the Court and exhaust any course of chosen action as to the remaining conversion claim, the Court will then enter judgment.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order and provide copies to counsel **and to** pro se Defendant.

**DATED** this 22nd day of August 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER GRANTING SUMMARY JUDGMENT IN PART #6