FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID PARKS, an individual, and THERESA PARKS, an individual, | No. 2:23-CV-00225-SAB |
| Plaintiffs, | |
| v. | **ORDER RE: MOTIONS AND** |
| PAUL MILLER, an individual, | **GRANTING JUDGMENT** |
| Defendant. | |

Before the Court are Defendant's Motion to Dismiss, ECF No. 24, Defendant's Second Motion to Dismiss, ECF Nos. 30 and 31, Plaintiff's Motion to Dismiss State Securities Fraud and Conversion Claim, ECF No. 32, and Plaintiff's Motion to Strike Defendant's Motion to Dismiss, ECF No. 33. Plaintiffs are represented by Matthew A. Mensik and Casey M. Bruner. Defendant is pro se. The motions were considered without oral argument.

Defendant's first motion to dismiss is denied for lack of authority. Defendant filed their first Motion Dismiss, ECF No. 24, prior to this Court issuing their Order Granting Summary Judgment in Part, ECF No. 27. Defendant's First Motion to Dismiss is hard to follow and fails to cite a single court rule or statute that would afford him relief. A motion to dismiss may be granted for any number of reasons, but without any authority, the Court cannot consider the motion as drafted. The Court did not consider this motion as a construed motion for summary

**ORDER RE: MOTIONS AND GRANTING JUDGMENT** #1

judgment and declines to provide any presumptive analysis. Therefore, Defendant's first motion to dismiss is denied.

Defendant's second motion to dismiss is stricken because it is an insufficient defense. A court may act on its own in striking a pleading when it is found to be an insufficient defense. Fed. R. Civ. P. 12(f). Not only does Defendant's second motion to dismiss fall outside the dispositive motions deadline and fail to comply with the local rules, but most importantly, the second motion to dismiss acts as a response to Plaintiffs' previous motion for partial summary judgment. Defendant attempts to relitigate issues that have already been determined in this matter. In fact, it appears Defendant only attempted to participate in this matter after issuance of the recent order granting partial summary judgment. Thus, Defendant's second motion to dismiss is stricken. Plaintiffs' motion to strike is granted in part as to striking Defendant's motions at ECF Nos. 30 and 31.

Being fully informed, the Court grants Plaintiffs' voluntary dismissal of their remaining state securities fraud and conversion claims and enters judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 24, is **DENIED**.

2. Defendant's Second Motion to Dismiss, ECF Nos. 30 and 31, are **STRICKEN**.

3. Plaintiffs' Motion to Dismiss State Securities Fraud and Conversion Claims, ECF No. 32, is **GRANTED**.

    a. Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs' remaining State Securities Fraud and Conversion Claims are **DISMISSED without prejudice**.

4. Plaintiffs' Motion to Strike Defendant's Motion to Dismiss, ECF No. 33, is **GRANTED in part and DISMISSED in part as moot**.

5. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Plaintiffs and against Defendant as to Plaintiffs' Breach of Contract and Federal

**ORDER RE: MOTIONS AND GRANTING JUDGMENT #2**

1  Securities Fraud Claims pursuant to the Order Granting Summary Judgment in

2  Part, ECF No. 27.

3      **IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this

4  Order, **enter judgment**, **close the file**, and provide copies to counsel **and to** pro se

5  Defendant.

6      **DATED** this 11th day of September 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTIONS AND GRANTING JUDGMENT #3**