FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID PARKS, an individual, and THERESA PARKS, an individual,<br><br>       Plaintiffs,<br><br>       v.<br><br>PAUL MILLER, an individual,<br><br>       Defendant. | No. 2:23-CV-00225-SAB<br><br>**ORDER GRANTING MOTION TO ALTER JUDGMENT** |

Before the Court is Plaintiffs' Motion to Alter Judgment, ECF No. 38. Plaintiffs are represented by Matthew A. Mensik and Casey M. Bruner. Defendant is pro se. The motion was considered without oral argument.

After reviewing the briefs, caselaw, and record, the Court finds good cause to **grant** Plaintiffs' motion.

## LEGAL FRAMEWORK

Fed. R. Civ. P. 59(e) provides that a party may file to alter or amend a judgment "no later than 28 days after the entry of judgment." "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A court can determine it made a clear error when after reviewing the entire record it is "left with the definite and

**ORDER GRANTING MOTION TO ALTER JUDGMENT** #1

firm conviction that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

On August 22, 2024, the Court granted partial summary judgment in favor of Plaintiffs. ECF No. 27. The Court noted that Plaintiffs suffered damages of $200,000 and were seeking a judgment in that amount plus attorneys' fees and interest. *Id*. On September 11, 2024, the Court dismissed the remaining claims and directed the Clerk of the Court to enter judgment and close the file. ECF No. 34. However, the filed Judgment did not include the award of the principle amount, interest, or attorneys' fees. ECF No. 35. Plaintiffs now move the Court to alter its Judgment to include the requested monetary damages including attorneys' fees and interest.

Pursuant to Fed. R. Civ. P. 59(e), the Court **grants** Plaintiffs' Motion to Alter Judgment and directs the Clerk of the Court to enter an amended judgment including the principal amount and interest. Failure to include these amounts in the Judgment was "clear error" on the part of the Court. *ACandS*, 5 F.3d at 1263.

//
//
//
//
//
//
//
//
//
//
//

Accordingly, **IT IS HEREBY ORDERED**:

**ORDER GRANTING MOTION TO ALTER JUDGMENT** #2

1. Plaintiffs' Motion to Alter Judgment, ECF No. 38, is **GRANTED**. The Judgment is amended as follows:

    a. Plaintiff shall recover from Defendant $238,723.29, which includes a principal judgment in the amount of $200,000 and prejudgment interest at the rate of 12 percent per annum in the amount of $38,723.29, plus post-judgment interest at the rate of 4.22 percent per annum, along with costs.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order, amend the Judgment, close the file, and provide copies to counsel and to pro se Defendant.

**DATED** this 4th day of November 2024.



    Stanley A. Bastian
    Chief United States District Judge

**ORDER GRANTING MOTION TO ALTER JUDGMENT #3**